IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v ) | CIVIL ACTION NO. |
| ) | 3:01CV1210-WHA-VPM |
| JULIAN RICHARDSON ) | [WO] |

**ORDER**

Before the court (Doc. No. 93) is federal inmate JULIAN RICHARDSON ["Richardson"]'s motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). By his motion, Richardson seeks relief from this court's prior judgment denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons now discussed, the court concludes that he is not entitled to any relief.

**I. DISCUSSION**

Richardson asserts that, in denying his § 2255 motion, this court failed to "reach the merits of his claims that (1) his trial counsel was ineffective for failing to challenge the selection and composition of his jury venire under (a) the Equal Protection and Due Process clauses of the Fifth Amendment to the United States Constitution, and (b) the Sixth Amendment fair cross-section guarantee; and (2) that his appellate counsel was ineffective for failing to raise said challenges on direct appeal." *See* Rule 60(b)(6) Motion (Doc. No.

---

[1] *See* "Final Judgment" (Doc. No. 83); "Order" (Doc. No. 82) (adopting Recommendation of Magistrate Judge (Doc. No. 80)).

93) at 1-2. The basis for each of these claims of ineffective assistance is Richardson's contention that the systematic exclusion of African-Americans in the jury-selection process resulted in their under-representation on his venire pool.

A review of Richardson's § 2255 motion reveals that this same "systematic exclusion" argument was clearly encompassed within his claims that his trial and appellate counsel were ineffective for failing to challenge the jury selection process in his case in the same manner as was successfully argued by the counsel in *United States v. Clay*, 159 F.Supp.2d 1357 (M.D. Ala. 2001).[2] In denying Richardson's § 2255 motion, this court reached the merits of his *Clay*-based claims of ineffective assistance, and found that neither his trial counsel nor his appellate counsel was ineffective for failing to challenge the jury selection process in his case. *See* "Recommendation" (Doc. No. 80) at 12-19.

Accordingly, Richardson's contention that this court failed to reach the merits of the ineffective assistance of counsel claims that he asserts in his Rule 60(b)(6) motion is incorrect. Consequently, Richardson is not entitled to any relief.

---

[2] In *Clay*, this court found that its process of selecting jurors in the Middle District of Alabama violated the Jury Selection and Service Act ("JSSA"), 28 U.S.C.A. §§ 1861-71, because the process provided an opportunity to exclude a cognizable group of eligible jurors from petit juries and regularly resulted in the under-representation of African-Americans on juror pools in the district. *Clay*, 159 F.Supp.2d 1369-70. The JSSA provides that "all litigants in Federal courts entitled to a trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C.A. § 1861. In his § 2255 motion, Richardson's equal protection, due process, and fair cross-section arguments are all presented within the context of his *Clay*-based claims of ineffective assistance of counsel.

## II.  CONCLUSION

Accordingly, it is

ORDERED that the motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6) is DENIED.

Done this 12th day of September, 2006.

                                          /s/ Vanzetta Penn McPherson
                                          VANZETTA PENN MCPHERSON
                                          UNITED STATES MAGISTRATE JUDGE